# Federal Defenders
## OF NEW YORK, INC.

Appeals Bureau
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392
www.federaldefendersny.org

David E. Patton
*Executive Director
and Attorney-in-Chief*

*Appeals Bureau*
Barry D. Leiwant
*Attorney-in-Charge*

September 5, 2019

**By ECF**

Honorable Laura Taylor Swain
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   Jamil Speller v. United States, 16 Civ. 1884 (LTS)
      United States v. Jamil Speller, 13 Cr. 986 (LTS)

Your Honor:

I am submitting as an additional citation the Second Circuit's recent decision in United States v. Dwayne Barrett, #14-2641-cr (decided Aug. 30, 2019). In Barrett, the Court held, on remand from the United States Supreme Court, that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c) and thus cannot provide the basis for a § 924(c) conviction.

A copy of the Barrett opinion is attached.

Respectfully yours,

/s/

**BARRY D. LEIWANT**
Assistant Federal Defender
Tel: (212) 417-8763

cc:  Edward B. Diskant, Esq.
     Assistant United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, N.Y. 10007
        (by ECF)

14-2641-cr
*United States v. Barrett*

# In the
# United States Court of Appeals
## for the Second Circuit

_____

August Term 2015

No. 14-2641-cr

United States of America,
*Appellee,*

v.

Dwayne Barrett, AKA Sealed Defendant 3, AKA Tall Man,
*Defendant-Appellant,*

Fahd Hussain, AKA Ali, AKA Moe, Tameshwar Singh, AKA Sealed Defendant 5, Shea Douglas, Jermaine Dore, AKA St. Kitts, AKA Blaqs, Taijay Todd, AKA Sealed Defendant 4, AKA Biggs, Damian Cunningham, AKA Jaba,
*Defendants.*

On Appeal from the United States District Court
for the Southern District of New York

_____

Argued: January 22, 2016
Decided: August 30, 2019

_____

Before: Winter, Raggi, and Droney, *Circuit Judges.*

_____

1

14-2641-cr
*United States v. Barrett*

On appeal from a judgment entered in the United States District Court for the Southern District of New York (Sullivan, J.) following a jury trial, defendant challenged his conviction for using firearms in the commission of violent crimes, *see* 18 U.S.C. § 924(c)(1)(A), in one case causing death, *see id.* § 924(j). Defendant argued that the predicate felonies for these firearms offenses—substantive and conspiratorial Hobbs Act robbery, *see id.* § 1951—are not "crime[s] of violence" within the meaning of § 924(c)(3), a conclusion he maintained was compelled by *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). This court rejected this argument for reasons explained in *United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018). Our judgment affirming defendant's conviction has now been vacated by the Supreme Court, and the case remanded for further consideration in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). Upon such consideration, the court concludes that Barrett's Count Two conviction for using firearms in the commission of Hobbs Act robbery conspiracy must be vacated, but that his conviction continues to warrant affirmance in all other respects.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

---

KELLEY J. SHARKEY, ESQ., Brooklyn, New York, *for Defendant-Appellant*.

MICHAEL D. MAIMIN, Assistant United States Attorney (Amy R. Lester, Jessica A. Masella, Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York, *for Appellee*.

14-2641-cr
*United States v. Barrett*

---

REENA RAGGI, *Circuit Judge*:

In 2018, this court affirmed defendant Dwayne Barrett's conviction after trial in the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*) for multiple counts of conspiratorial and substantive Hobbs Act robbery and related counts of using a firearm during and in relation to these robbery crimes. *See* 18 U.S.C. §§ 924(c), 924(j), 1951; *United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018). The Supreme Court has now vacated our judgment and remanded for further consideration in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). *See Barrett v. United States*, 139 S. Ct. 2774 (2019). Having given that consideration, we now vacate Barrett's Count Two § 924(c) conviction for using a firearm in committing Hobbs Act robbery conspiracy—the only count of conviction that Barrett challenges in light of *Davis*. For the reasons stated in our 2018 opinion, and the summary order filed that same day, *see United States v. Barrett*, 750 F. App'x 19 (2d Cir. 2018), we affirm Barrett's conviction in all other respects and remand for resentencing in light of our partial vacatur.[1]

We are obliged to vacate Barrett's Count Two conviction because *Davis* precludes us from concluding, as we did in our original opinion, that Barrett's Hobbs Act robbery conspiracy crime qualifies as a § 924(c) crime of violence. At the outset, we note that there can be no question but that the particular Hobbs Act robbery conspiracy committed by Barrett and his co-conspirators was violent, even murderous. *See United States v. Barrett*, 903 F.3d at 170–71, 184 (detailing how violence was "hallmark of the charged conspiracy,"

---

[1] We assume familiarity with our earlier opinion and order, which detail the facts of Barrett's crimes and quote the statutes relevant to his convictions.

3

14-2641-cr
*United States v. Barrett*

with robbers routinely using "guns, knives, baseball bats, and their fists," to break victims' bones, render them unconscious, and "in one case point blank to kill a robbery target"). There is also no question, however, that, in *Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that a crime could not be identified as a crime of violence under § 924(c)—even by a trial jury—on a case-specific basis. The decision must be made categorically. In so holding, the Supreme Court acknowledged that a case-specific approach to § 924(c), particularly to the statute's residual clause, *see* 18 U.S.C. § 924(c)(3)(B), would avoid both the Sixth Amendment and vagueness concerns that have doomed other, similarly worded residual clauses, *see United States v. Davis*, 139 S. Ct. at 2327 (citing *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); *Johnson v. United States*, 135 S. Ct. 2551 (2015)). Nevertheless, the Court held that the text, context, and history of § 924(c) could not support such an approach. *See id.* at 2327–33.

In *Barrett*, this court had relied, at least in part, on a case-specific approach to recognize the charged Hobbs Act robbery conspiracy as a crime of violence under § 924(c)(3)(B). *See United States v. Barrett*, 903 F.3d at 178–84. The decision was hardly quixotic. Two other circuit courts have done the same. *See United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018), *vacated*, 139 S. Ct. 2775 (2019); *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018) (*en banc*). And in *Davis* itself, four members of the Supreme Court reached the same conclusion. *See United States v. Davis*, 139 S. Ct. at 2336–55 (Kavanaugh, J., with Roberts, C.J., Thomas and Alito, JJ., dissenting). Still, four represents a minority viewpoint within the Supreme Court. Insofar as the Court has now instructed us to reconsider Barrett's appeal of conviction in light of *Davis*, we are obliged to follow the majority's holding that (1) § 924(c)(3)(B) "commands the categorical approach," *id.* at 2328; and (2) under the particular form of categorical approach applied to

4

14-2641-cr
*United States v. Barrett*

residual clauses, *i.e.*, the "ordinary case" inquiry identified in *James v. United States*, 550 U.S. 192, 208 (2007), "§ 924(c)(3)(B) is unconstitutionally vague," *United States v. Davis*, 139 S. Ct. at 2336.

Invited to brief the effect of *Davis*'s holding on this appeal, the prosecution and the defense agree that Barrett's Count Two conviction for using a firearm in committing Hobbs Act robbery *conspiracy* must be vacated because the identification of that crime as one of violence depends on the § 924(c)(3)(B) residual clause definition, which *Davis* has now pronounced unconstitutionally vague.

Neither party argues that *Davis* requires vacatur of Barrett's Count Four, Six, or Seven § 924(c) convictions. This is not surprising. The predicate offense for each of these crimes is *substantive* Hobbs Act robbery, which can be identified as a crime of violence under § 924(c)(3)(A) applying the traditional, elements only, categorical approach not at issue in *Davis*. *See United States v. Hill*, 890 F.3d 51, 53, 60 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019). Thus, for the reasons stated in our original opinion, we again affirm Barrett's convictions on Counts Four, Six, and Seven. *See United States v. Barrett*, 903 F.3d at 174.[2]

---

[2] In upholding Barrett's Count Seven § 924(j) conviction for causing death in the course of a violation of § 924(c), we summarily rejected his argument that the district court erred in imposing a 25-year consecutive sentence for that crime because § 924(j) does not incorporate the penalty enhancements of § 924(c)(1)(C)(i), or the consecutive sentencing mandate of § 924(c)(1)(D)(ii). Because this is the fourth panel to reach that conclusion summarily, the government asks that we publish in a precedential opinion that part of our summary order construing § 924(j) to incorporate § 924(c)'s sentencing enhancements. *See* Gov't Supp. Br. at 6. We grant that request by here repeating what we said in our summary order:

> In sentencing Barrett under § 924(j), the district court cited *United States v. Young*, 561 F. App'x 85, 93–94 (2d Cir. 2014), a non-precedential summary

14-2641-cr
*United States v. Barrett*

As to Barrett's Count Two conviction, however, *Davis* compels vacatur. The Supreme Court's unequivocal rejection of a case-specific approach to § 924(c)(3)(B) precludes further reliance on the particular murderous violence of Barrett's robbery conspiracy to identify that offense as a crime of violence predicate under § 924(c)(3)(B).

Our original *Barrett* decision to affirm was not, however, based only on a now-discredited case-specific application of § 924(c)(3)(B). Our first ground for affirming Barrett's Count Two conviction was a determination that Hobbs Act robbery conspiracy could be categorically identified as a crime of violence by reference only to its elements, thereby avoiding the vagueness concerns of the ordinary-case form of categorical analysis rejected in *Johnson, Dimaya*, and now *Davis. See id.* at 176–77. *Barrett*'s elements-based conclusion, however, depended on *both* § 924(c)(3)(A) and § 924(c)(3)(B). We reasoned that where the elements of a conspiracy's object crime (here, Hobbs Act robbery) establish it as a categorical crime of violence under § 924(c)(3)(A), the agreement element of a conspiracy categorically establishes the "substantial risk" of violence under § 924(c)(3)(B). *See id.*

The Supreme Court did not discuss, much less expressly reject, this hybrid categorical approach in *Davis*. This is hardly surprising; the matter was not before it. Nevertheless, *Davis* gives us reason to think that we can no longer rely on such a categorical approach to

---

order construing § 924(j) to incorporate the § 924(c) penalty enhancements. Other panels of this court recently reached the same conclusion, again summarily. *See United States v. Ventura*, No. 15-2675, 2018 WL 3814729, at *2 (2d Cir. Aug. 10, 2018); *United States v. Nina*, 734 F. App'x 27, 36 (2d Cir. 2018). While Barrett urges us to reject *Young*'s, *Ventura*'s, and *Nina*'s reasoning, we are not persuaded.

*United States v. Barrett*, 750 F. App'x at 23.

6

14-2641-cr
*United States v. Barrett*

affirm Barrett's conviction on Count Two. As the government observes, "[d]espite the obvious logic" of this court's elements analysis, "it still necessarily depends" in part on § 924(c)(3)(B), which *Davis* leaves "no longer valid in any form." Gov't Supp. Br. at 3 (quoting *Davis*'s holding "that § 924(c)(3)(B) is unconstitutionally vague," and its pronouncement that "a vague law is no law at all," 139 S. Ct. at 2323, 2336)). The conclusion is only reinforced by language in *Davis* referencing the "ordinary case" inquiry as the *required* categorical approach in applying residual clauses such as § 924(c)(3)(B). *See United States v. Davis*, 139 S. Ct. at 2326 (observing that "ACCA's residual clause *required* judges to use a form of what we've called the 'categorical approach' to determine whether an offense qualified as a violent felony" (emphasis added)); *id.* (stating that "[f]or years, almost everyone understood § 924(c)(3)(B) to *require* exactly the same [ordinary-case] categorical approach that this Court found problematic in the residual clauses of the ACCA and § 16" (emphasis added)). Might the Supreme Court have made these "requirement" observations in *Davis* without considering the possibility of using an elements-only approach to identify a conspiracy to commit a categorically violent crime under § 924(c)(3)(A) as itself a categorically violent crime under § 924(c)(3)(B)? Perhaps. But the possibility does not support affirmance of Count Two here.

If there is anything *Davis* makes clear, it is the Supreme Court's conviction that the substantially similar residual clause definitions for a violent crime in ACCA, in § 16(b), and in § 924(c)(3)(B) are unconstitutionally vague, and its aversion to new arguments that attempt to avoid that conclusion. *See id.* at 2327 (rejecting government's attempt, in aftermath of Court's decisions holding ACCA and § 16(b) residual clauses unconstitutionally vague, to

7

14-2641-cr
*United States v. Barrett*

"abandon[] its longstanding position" that § 924(c)(3)(B) requires ordinary-case categorical analysis and to urge "new case-specific approach").

Thus, however much this court may have thought it possible to avoid an unconstitutionally vague application of § 924(c)(3)(B) in *Barrett*—either by a categorical consideration of only the elements of the predicate Hobbs Act robbery conspiracy, or by a case-specific consideration of the violent nature of Barrett's particular conspiracy—we understand *Davis* to foreclose both these rationales for decision. The Supreme Court having there construed § 924(c)(3)(B) (1) not to admit case-specific application, and (2) to be unconstitutionally vague without qualification when applied categorically, this court can no longer rely to any extent on what is now "no law at all," *id.* at 2323, to uphold Barrett's Count Two conviction.

Accordingly, for the reasons stated herein, we VACATE Barrett's conviction on Count Two. At the same time, for the reasons stated in our earlier opinion and summary order, we AFFIRM Barrett's conviction in all other respects. We REMAND this case to the district court for resentencing in light of our partial vacatur.