UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

JAMIL SPELLER,

        Petitioner,

  -v-                                                   No.  13-CR-986
                                                       No.  16-CV-1884

UNITED STATES OF AMERICA,

        Respondent.

---------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        Petitioner Jamil Speller ("Petitioner" or "Speller") was convicted, upon a guilty plea, of conspiring to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, and of possession of a firearm during and in relation to that crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("section 924(c)(1)(A)(i)"), and was sentenced principally to a custodial term of 93 months' imprisonment.  (Docket Entry No. 196.[1])  Petitioner now moves, pursuant to 28 U.S.C. § 2255, to vacate his conviction under section 924(c)(1)(A)(i) because a Hobbs Act Robbery conspiracy no longer qualifies as a crime of violence following the Supreme Court's decision in <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019).  (Docket Entry No. 267.)

        The Court has reviewed thoroughly the parties' submissions in connection with Petitioner's 28 U.S.C. section 2255 motion.  (Docket Entry No. 233, (the "Petition").)  For the following reasons, the Petitioner's motion is denied in its entirety.

---

[1]     Unless otherwise noted, all citations are to the criminal case docket, No. 13-CR-986.

BACKGROUND

On December 18, 2013, Petitioner was charged in a three-count indictment with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 and 841(b)(1)(A), conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, and possession of a firearm during a crime of violence or drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Indictment, Docket Entry No. 14.)

On December 22, 2014, Petitioner pleaded guilty pursuant to a plea agreement to Counts 2 and 3 of the indictment, which charged him with conspiracy to commit Hobbs Act robbery and possession of a firearm during a crime of violence or drug trafficking offense. (Docket Entry No. 144, ("Plea Tr.").)  Pursuant to section 924(c)(1)(A)(i), the statutory minimum sentence of incarceration was five years, to run consecutively to any term of imprisonment imposed for the other count of conviction.  The parties stipulated in their plea agreement that Petitioner's offense level was 18, his criminal history category was IV, and his advisory guideline sentencing range was 101 to 110 months' imprisonment, including the 60-month statutory minimum.  The plea agreement provided that Petitioner would not file a direct appeal or collateral challenge of any sentence within or below the stipulated guidelines range of 101 to 110 months' imprisonment.  The plea agreement also provided that any prosecution that was not time barred as of the date the plea agreement was signed, including for any count that was dismissed at sentencing pursuant to the plea agreement, could be commenced or reinstated against Petitioner should his conviction pursuant to the plea agreement be vacated for any reason.

At Petitioner's change of plea hearing, the Court asked Petitioner whether he understood that, by signing the plea agreement, he was "giving up or waiving [his] right to

appeal, to litigate or to challenge [his] sentence under Title 28 of the United States Code, Sections 2255 and/or 2241, and [his] right to seek a sentence reduction under Title 18, Section 3582(c) if [the Court sentenced him] to 111 or fewer months of imprisonment." (Plea Tr., at 21:20-25.)  Petitioner responded affirmatively and stated that he understood that he was "under no obligation to waive [his] rights to appeal or otherwise litigate any aspect of [his] sentence." (Id. at 22:10-12.)

On June 18, 2015, the Court sentenced Petitioner to 33 months' imprisonment on Count 2, and 60 months' imprisonment on Count 3, to run consecutively for a total of 93 months' imprisonment.  (Docket Entry No. 206, ("Sent. Tr."), at 37:16-22.)  Pursuant to the terms of the plea agreement, the Government dismissed Count 1 of the indictment, the drug trafficking charge.  (Id. at 42:6-7.)  The Court informed Petitioner that, "to the extent [he had not] given up [his] right to appeal through [his] guilty plea, [he had] the right to appeal this sentence" and that he should "make sure to talk to [defense counsel Richard] Palma today about [his] rights in this regard."  (Id. at 41:16-24.)

Judgment was entered as to Petitioner on June 24, 2015.  (Docket Entry No. 196.) On June 26, 2015, the Supreme Court issued its decision in Johnson v. U.S., 135 S. Ct. 2551 (2015).  Defense counsel, Richard Palma ("Palma"), was aware of the holding in Johnson and considered its possible impact on Petitioner's section 924(c)(1)(A)(i) conviction.  (Docket Entry No. 281, at ¶ 5.)  Palma believed that any successful appeal "on Johnson or similar grounds that [Petitioner's] plea agreement's appeal wavier would permit, would likely subject [Petitioner] to re-prosecution for the most serious count in the indictment, the [section 841](b)(1)(A) drug trafficking conspiracy."  (Id. at ¶ 5.)  Because he "believed [he] had achieved the most beneficial result available under the circumstances," Palma did not consult with Petitioner about filing a

notice of appeal.  (Id. at ¶ 6.)  Petitioner did not appeal his conviction.  (See generally criminal docket 13-CR-986.)

## DISCUSSION

Petitioner contends, and the Government agrees, that conspiracy to commit Hobbs Act robbery does not constitute a crime of violence for purposes of section 924(c)(3) in light of the decisions in U.S. v. Davis, 139 S. Ct. 2319 (2019) and U.S. v. Barrett, 937 F.3d 126 (2d Cir. 2019).  (Docket Entry Nos. 272, at 1; 275, at 1.)  In this motion brought pursuant to 28 U.S.C. section 2255, Petitioner argues that his conviction under section 924(c)(1)(A)(i) must be vacated because it was predicated on his conviction for conspiracy to commit Hobbs Act robbery.  (Docket Entry No. 267, at 2-3.)  The Government opposes the motion, asserting in part that Petitioner's challenge to his conviction is procedurally defaulted because he failed to raise the argument now before the Court in a direct appeal.  (Docket Entry No. 272.)  As Petitioner's argument was not raised on direct appeal and, as explained below, he has not demonstrated cause for his failure to appeal, Petitioner's claim is procedurally defaulted and his motion is denied.

A "collateral challenge may not do service for an appeal." U.S. v. Frady, 456 U.S. 152, 165 (1982).  Petitioner did not take any direct appeal from his conviction.  Accordingly, to sustain a claim for habeas corpus relief, Petitioner must demonstrate either "cause and actual prejudice" or that he is "actually innocent." Gupta v. U.S., 913 F.3d 81, 84 (2d Cir. 2019) (internal citations omitted)).  Petitioner argues that he has demonstrated cause and prejudice by showing his trial counsel provided him ineffective assistance.[2]

Ineffective assistance of counsel can provide cause for a procedural default.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  To demonstrate ineffective assistance of counsel,

---

[2]   Petitioner does not argue that he is actually innocent.

Petitioner must show that (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) Petitioner was prejudiced as a result of counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 688-94 (1984). In determining whether counsel's performance was deficient, "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the challenger's burden is to show that the errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-89. Petitioner contends that trial counsel was ineffective because he failed to consult with Petitioner about an appeal of his conviction based upon the Supreme Court's decision in Johnson, 135 S. Ct. 2551 (holding that the residual clause of the Armed Career Criminal Act was unconstitutionally vague). (Docket Entry No. 275, at 3.) The Johnson decision was known to counsel and was issued two days after judgment was entered in Petitioner's case. (Id.)

The two-part Strickland test applies to a claim that counsel forfeited a defendant's chance to appeal. See Sarroca v. U.S., 250 F.3d 785, 787 (2d Cir. 2001). To meet the first part of the Strickland test and demonstrate deficient performance based on counsel's alleged forfeiture of his appeal, Petitioner must demonstrate "(1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). "In making this determination, courts must take into account all the information counsel knew or should have known." Id. Petitioner does not argue that he had reasonably demonstrated to counsel his interest in appealing; he only argues that there were reasonable grounds to think that a rational defendant would want to appeal

because Johnson supplied a non-frivolous ground for appealing Petitioner's section 924(c)(1)(A)(i) conviction. (Docket Entry No. 282, at 1-2.)

The Supreme Court has directed that, when a court is determining whether a rational defendant would want to appeal, "a highly relevant factor… will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Flores-Ortega, 528, U.S. at 480. Here, Petitioner was convicted upon a guilty plea. The Supreme Court has also explicitly directed lower courts to weigh whether "the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." Id. Petitioner received a sentence of 93 months, which was below the stipulated guidelines range of 101 to 111 months contained within the plea agreement. The plea agreement also included an explicit waiver of Petitioner's right to appeal or to bring a collateral challenge of any sentence within or below that stipulated guidelines range. Accordingly, all three factors delineated in Flores-Ortega weigh in favor of the conclusion that no rational defendant in Petitioner's position would want to appeal. See, e.g., Padin v. U.S., 521 F. App'x 36, *38 (2d Cir. 2013) ("Padin entered a guilty plea, he received a sentence at the low end of the Guidelines range he agreed to, and he waived his right to appeal a sentence within or below that range. Accordingly, we conclude that the district court did not err in holding that defense counsel did not render constitutionally defective assistance by failing to file a notice of appeal."); Mills v. U.S., No. 9-CIV-4090 (JSR) (MHD), 2010 WL 3825732, at *12 (S.D.N.Y. May 20, 2010) ("Mills pled guilty, waived his appellate rights, and received the stipulated sentence. In short, counsel did not act unreasonably in not consulting him about the possibility of an appeal.")

The plea agreement also provided that the Government could prosecute Petitioner for any count dismissed at sentencing if his conviction under the agreement was later vacated. If Petitioner were prosecuted under Count 1, which charged conspiracy to violate 21 U.S.C. section 841(b)(1)(A) and was dismissed at sentencing, he would potentially be subject to that provision's statutory minimum sentence of 10 years' incarceration.[3] Trial counsel explains in his submission in connection with this petition that, because Petitioner had received a sentence below the stipulated guidelines range in the plea agreement, and lower than the Court would have been authorized to impose were he convicted of the drug trafficking conspiracy charge,[4] trial counsel believed that he "had achieved the most beneficial result available under the circumstances" and did not consult Petitioner about the possibility of appealing the section 924(c)(1)(A)(i) conviction. (Docket Entry No. 281, at 2.) Indeed, because a successful appeal under Johnson would have led to the vacatur of a favorable, bargained for sentence and exposed Petitioner to a more severe statutory minimum penalty, Petitioner would not rationally have wanted to appeal. E.g., King v. U.S., No. 10-CR-122 (JGK), 2017 WL 1483337, at *19 (S.D.N.Y. Apr. 25, 2017) ("An appeal could have only successfully challenged the agreement to plead guilty, and if successful, resulted in the vacatur of a favorable, below Guidelines sentence, while exposing the petitioner to the far greater liability that she avoided by pleading guilty.").

---

[3] The robbery object to which Petitioner allocuted at the plea hearing, together with the quantity of controlled substances described in the Presentence Report, would have exposed him to the penalties prescribed in 21 U.S.C. section 841(b)(1)(A). (See Docket Entry No. 144, at 23:25-24:3; Pre-sentence Report dated March 18, 2015, at 5-8.)

[4] If prosecuted under 21 U.S.C. section 841(b)(1)(A), Petitioner would have been ineligible for imposition of a sentence below the statutory minimum sentence because 18 U.S.C. section 3553(f), the safety-valve provision, would not have been available due to his admitted possession of a firearm in connection with the offense.

Petitioner has not demonstrated that counsel's failure to consult him about the possibility of appeal was constitutionally deficient performance because a rational defendant would not want to appeal his bargained for, below-guidelines sentence where a successful appeal would result in a longer sentence.  Petitioner has failed to meet his burden of establishing ineffective assistance of counsel, and therefore has not established cause for procedurally defaulting his argument that his section 924(c)(1)(A)(i) conviction must be vacated pursuant to Davis and Barrett.  Accordingly, Petitioner's motion is procedurally barred and is denied in its entirety.

## CONCLUSION

For the foregoing reasons, Petitioner's motion brought pursuant to 28 U.S.C. section 2255 is denied in its entirety.

Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability."  28 U.S.C.S. § 2253(c)(1) (LexisNexis 2008).  A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.S. § 2253(c)(2) (LexisNexis 2008); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability).  The Court finds that Petitioner will not be able to sustain this burden.  The Court declines to issue a certificate of appealability.

Docket Entry No. 233 is hereby resolved.  The Clerk of Court is directed to enter judgment denying petitioner's motion and to close case No. 16-CV-1884.

SO ORDERED.

Dated: New York, New York
April 23, 2020

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge